**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SALT RIVER PROJECT AGRICULTURAL IMPROVEMENT AND POWER DISTRICT, a municipal corporation and political subdivision of the State of Arizona; et al., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> REYNOLD R. LEE; et al., <br><br> Defendants - Appellees. | No. 09-15306 <br><br> D.C. No. 3:08-cv-08028-JAT <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted February 10, 2010
San Francisco, California

Before: GOODWIN, BERZON and IKUTA, Circuit Judges.

Salt River Project Agricultural Improvement and Power District and

Headwaters Resources, Inc., collectively referred to as Salt River Project, appeal

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

the district court's grant of a Fed. R. Civ. P. 12(b) motion to dismiss for failure to exhaust the contractual grievance procedures in a lease between Salt River Project and the Navajo Nation. We review the district court's application of substantive law *de novo*, and its findings of fact for clear error. *Ritz v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1998) (per curiam). We reverse.

The district court erred in ordering Salt River Project to refer its claims to the United States Secretary of the Interior pursuant to the grievance procedures in § 25 of the 1969 Lease. Assuming, without deciding, that those procedures apply to Salt River Project's claims, Salt River Project has already submitted its dispute to the Secretary of the Interior under both § 25 of the 1969 Lease and § 10 of the § 323 Grant. The Secretary, without regard to the pending litigation, reviewed the substance of the dispute and addressed Salt River Project's request for intervention by the Secretary. Letter from Carl J. Artman, Assistant Secretary – Indian Affairs, U.S. Dep't of the Interior, to Jane D. Alfano, Corporate Counsel, Salt River Project (May 10, 2008). The Secretary later declined to reconsider his initial decision. Letter from George T. Skibine, Acting Deputy Assistant for Policy and Economic Development, U.S. Dep't of the Interior, to John J. Egbert, Esq., Jennings, Strouss & Salmon, PLC (October 2, 2008). Contrary to the district court's supposition, Salt River Project has no further obligation to submit its dispute to the Secretary

under the 1969 Lease's dispute resolution provisions.  Its claims are thus properly

before the district court.  *See Arizona Public Service Co. v. Aspaas*, 77 F.3d 1128,

1132-34 (9th Cir. 1995).

**REVERSED and REMANDED for further proceedings.**